UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BEVERLY A JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. G-03-311 |
| | § | |
| SOLUTIA, INC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

### I.   INTRODUCTION

Before the Court are the defendant, Solutia, Inc.'s ("Solutia") motion for summary judgment, brought pursuant to Federal Rules of Civil Procedure, Rule 56 (Doc. No. 37) and the plaintiff, Beverly Johnson's response (Doc. No. 44) to Solutia's motion for summary judgment. After a careful review of the motion, response and relevant exhibits, attachments and pleadings, the Court determines that Solutia's motion for summary judgment should be granted.

### II.   FACTUAL BACKGROUND

The undisputed facts reveal that the plaintiff commenced her employment with Solutia as a chemical processor in March of 1991.  Her job duties required her to perform certain responsibilities both outside and inside a control room.  Outside responsibilities included "valving, flushing lines, checking pumps, and checking equipment levels and tanks.  Her duties inside the control room consisted of managing and monitoring computers screens "to ensure [that] the unit was functioning properly and responding to alarms, if necessary."

During her 11-year tenure with Solutia, the plaintiff reported to three supervisors.  The plaintiff states that she never enjoyed a good working relationship with them.  The same was

true of her relationship with her co-workers. According to Solutia, though, the plaintiff's personnel file and work history reflects that she "had a long history of behavioral problems at work, [starting] . . . in March 1991." Because this history is not relevant to the stated basis for the plaintiff's termination from her employment on August 30, 2002, it will not be relied upon in this Memorandum. In its letter terminating the plaintiff, Solutia stated that the plaintiff's employment was being terminated due to "insubordination and misconduct" and her "refusal to complete and comply with the functional capacity examination", events that occurred on August 22 and 30, 2002.

According to Solutia, the plaintiff sought to return to her employment in late July 2002, after taking medical leave and ending a short term disability period on or about October 16, 2001. It appears undisputed that the plaintiff suffered several automobile accidents between 1997 and 1999 that resulted in injuries to her neck and back. Surgery became necessary and procedures were performed on the plaintiff's neck and back during the medical leave taken in October 2001 and July 2002. When the plaintiff sought to return to work, her supervisor informed her that she would be required to undergo a two-day functional capacity evaluation in order to be cleared by the Center for Work and Rehabilitation before returning. The test required that the plaintiff engage in climbing, bending and stretching.

At the end of the first day, the therapist informed the plaintiff that her heart rate was not recovering as quickly as it should and that "she could benefit from some conditioning before returning to work." The plaintiff "became belligerent with the therapist and accused him of 'delegat[ing her] to a life that [she] can't live." During her deposition, the plaintiff admitted using the words "fuck" and "fucking", making suicidal threats and raising her voice during her conversation with the therapist. Solutia reports that the plaintiff also engaged in similar conduct

and demeanor with her supervisor, Carl "Randy" Belcher on the occasion. On August 23, the following day, the plaintiff returned to the Center, but refused to perform the required functions. As a result, on August 30, Solutia terminated the plaintiff's employment.

On October 18, 2002, the plaintiff filed her EEOC charge alleging that Solutia had discriminated against her based on age, sex, disability discrimination, harassment and retaliation. On or about February 5, 2003, the EEOC issued its Notice of Right to Sue letter, which notice forms the basis for the plaintiff's current suit under Title VII, the ADA and the ADEA.

### III.  CONTENTIONS OF THE PARTIES

#### A.  *The Plaintiff's Contentions*

The plaintiff contends that throughout her 11-year tenure with Solutia, she was the subject of unaddressed sexual harassment. While the plaintiff does not assert specific actions taken against her, she contends that she was exposed to a sexually hostile work environment based on the conduct that her male and female coworkers engaged in in 1999. And, in late 2000 and early 2001, after her complaints about her coworkers' behavior were reported, she became the target of their efforts to "set her up to be fired."

The plaintiff claims retaliatory harassment, arguing that her coworkers harassed her because she reported their sexually suggestive conduct and that her supervisors failed to take remedial action. The record shows that the plaintiff raises only her retaliation claim, in her response to Solutia's motion for summary judgment. She only contends that because she opposed "what she perceived to be sexual harassment in the workplace, she was terminated.

#### B.  *The Defendant's Contentions*

Solutia contends that there is no merit in any of the plaintiff's four causes of action: disability discrimination, age discrimination, gender discrimination and retaliation. It argues that

the plaintiff had displayed a long history of behavioral problems throughout her 14 year tenure at DuPont, her previous employer. The plaintiff was the subject of counseling for excessive absenteeism and was eventually terminated for sleeping on the job. That same behavior continued at Solutia, but she also engaged in disruptive behavior that caused her to be sent for counseling. The plaintiff's behavioral problems manifested in the raising of her voice, cursing and conflicts with her coworkers and supervisors.

In sum, Solutia contends that the plaintiff cannot establish one or more of the elements of each of her causes of action, and therefore cannot establish a *prima facie* case. Assuming that she has established a *prima facie* cause of action, the plaintiff has not rebutted Solutia's legitimate, nondiscriminatory reasons for her termination. Therefore, Solutia's motion for summary judgment should be granted.

## IV.  THE SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id.* If the evidence rebutting the motion for summary judgment is only colorable or not significantly probative, summary judgment should be granted. *Id.* at 249-50; *see also Shields v. Twiss*, 389 F.3d 142, 149-50 (5th Cir. 2004).

Under Rule 56(c) of the Federal Rules of Civil Procedure, the moving party bears the initial burden of "informing the district court of the basis for its motion and identifying those

portions of [the record] which it believes demonstrate the absence of a genuine issue for trial." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 - 87 (1986); *Adams v. Travelers Indem. Co. of Connecticut,* 465 F.3d 156, 163 (5th Cir. 2006). Where the moving party has met its Rule 56(c) burden, the nonmovant must come forward with "specific facts showing that there is a *genuine issue for trial."* *Matsushita*, 475 U.S. at 586-87 (quoting Fed. R. Civ. P. 56(e)) (emphasis in original); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); and *Adams*, 465 F.3d at 164. To sustain the burden, the nonmoving party must produce evidence admissible at trial showing that reasonable minds could differ regarding a genuine issue of material fact. *Anderson*, 477 U.S. at 250-51; 255; *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998). In deciding a summary judgment motion, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson,* 477 U.S. at 255.

"A district court may dismiss as frivolous the complaint of a prisoner proceeding iFP if it lacks an arguable basis in law or fact." *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cri. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing, *Moore v. Carwell*, 168 F.3d, 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002). Under this standard, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Nevertheless, "a plaintiff's obligation to


provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conculsions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), 127 S.Ct. 1955, 1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  A complaint must be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974.  Of course, "[a] document filed *pro se* is 'to be literally construed,' . . . and 'a *pro se* complaint, however inartfully plead, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 19 (2007), 127 S.Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## V.    ANALYSIS AND DISCUSSION

Although the plaintiff has asserted claims of discrimination based on Title VII (unlawful relation), age, gender and disability, the plaintiff does not address or challenge Solutia summary judgment evidence based on her claim for discrimination based on age, gender and disability.[1] The plaintiff asserts only that "a genuine issue of material fact [exists] on her claim of unlawful retaliation under Title VII."  The Court, therefore, concludes that the plaintiff has abandoned or concedes the lack of justiciable causes of action for her claims of age, gender and disability discrimination.

The plaintiff claims that there is a disputed fact issue as to whether the reasons given for her termination are a pretext and designed to retaliate against her for exposing the sexual harassment conduct of her coworkers.  In order to establish unlawful retaliation under Title VII the plaintiff must show that:  (a) she engaged in protected activity; (b) Solutia took an adverse employment action against her; and, (c) a casual connection exists between the protected activity

---

[1] *See* [Exhibit 26 to Solutia's motion for summary judgment.  There the plaintiff sets out her claims in her Charge of Discrimination and attached statement.].

and the adverse action taken. *See Fortenberry v. Texas Dept. of Human Services*, 75 Fed. Appx. 924, 928 (5th Cir. 2003). Assuming that the plaintiff establishes a *prima facie* case of retaliation, Solutia may proffer its lawful and legitimate basis for the adverse action taken. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). The *McDonnell Douglas* shifting evidentiary framework places the burden of production on Solutia to demonstrate that its reasons for terminating the plaintiff were not pretextual or done for retaliatory reasons. *Id.; see also Byers v. Dallas Morning News, Inc.,* 209 F.3d 419, 427 (5th Cir. 2000).

By her admissions, the plaintiff states that in 2000 her coworkers stated that they were out to "get her." In this regard, the plaintiff complained that after she reported the sexual conduct of her coworkers to her supervisor, the harassment began. The plaintiff also reported that certain of her coworkers would spit tobacco chew in cups and leave it around, and that certain men would hug certain women in a sexual way in her presence. Yet another would pass gas in her presence or refuse to adjust the air conditioning so that she would be comfortable. The plaintiff admitted that she did not allow the men to hug or touch her, and no man ever hugged or touched her without her permission. The plaintiff also admitted that she too used "cuss" words even after she was instructed to cease using any such language. The plaintiff does not deny using the words "fuck" and "fucking," making suicidal threats and raising her voice with the therapist who performed the functional capacity evaluation. And, the plaintiff does not deny that other employees have, on occasion, been required to undergo a functional capacity evaluation before returning to work after an injury or illness.

After a review of the plaintiff's complaint, response and affidavit the Court has yet to find any conduct of a retaliatory nature exercised against the plaintiff since 2000, assuming that it occurred, save the act of terminating her. In this regard, the plaintiff has failed to proffer any

evidence that Solutia's stated basis for terminating her was contrived. In fact, the plaintiff admits that she refused to complete day-two of the functional capacity evaluation and that she addressed the therapist in an improper manner.

The Court is the opinion that the plaintiff failed to file her claim of sexual harassment within the 300 days permitted by law. *See* 29 U.S.C. § 626(d)(2); *see also Garrett v. Judson Independent School Dist.*, 299 F3d. Appx. 337 (5th Cir. 2008) and that she has failed to establish a *prima facie* case of retaliation. Moreover, there is no casual connection between the events of 2000 and Solutia termination of the plaintiff on August 30, 2002. In fact, there is no evidence that, at the time of termination, the plaintiff was engaged in any protected activity. Finally, the plaintiff has failed to rebut Solutia's legitimate, non-discriminatory reasons for terminating her. *See Burrell v. Dr. Pepper/Seven Up Bottling Group*, 482 F.3d 408, 416 (5th Cir. 2007).

## V.   CONCLUSION

Based on the foregoing discussion and analysis, the Court Holds that Solutia's motion for summary judgment should be and it is Hereby GRANTED.

SIGNED at Houston, Texas this 6th day of July, 2010.

Kenneth M. Hoyt
United States District Judge